449 A.2d 641

**COMMONWEALTH of Pennsylvania**

v.

**Brian GILES, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1982.

Filed Aug. 13, 1982.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

Appellant argues that we should vacate his sentence and remand for re-sentencing because the lower court omitted to

place on the record, at the time of sentencing, its reasons for the sentence. We agree.

Appellant was arrested on May 9, 1980, and charged with simple assault,[1] recklessly endangering another person,[2] possession of an instrument of crime,[3] violation of the Drug, Device and Cosmetic Act,[4] and criminal conspiracy.[5] He pleaded guilty to recklessly endangering another person and violation of the Drug, Device and Cosmetic Act, and the Commonwealth moved to have the remaining charges nol prossed. On April 10, 1981, the lower court sentenced appellant to 11½ to 23 months imprisonment on the charge of recklessly endangering another person and to a consecutive period of 5 years of probation on the drug offense. Appellant petitioned the court for modification of sentence, alleging that the sentence was unduly harsh and that the court had failed to explain the sentence. The court denied the petition, stating that the reasons for the sentence were contained in the presentence investigation report. This appeal followed.

The Sentencing Code provides:

In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed .... Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. Sec. 9721.

*And see* Pa.R.Crim.P. 1405. In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), the Supreme Court held

1. 18 Pa.C.S.A. Sec. 2701.

2. 18 Pa.C.S.A. Sec. 2705.

3. 18 Pa.C.S.A. Sec. 907.

4. 35 P.S. Sec. 780, 101 et seq.

5. 18 Pa.C.S.A. Sec. 903.

that when a trial court fails to state of record its reasons for a sentence, the sentence should be vacated and the case remanded for resentencing. *Id.*, 474 Pa. 122, 377 A.2d at 143. Accordingly, since *Riggins* we have on many occasions remanded for re-sentencing. *Commonwealth v. Young*, 299 Pa.Super. 488, 445 A.2d 1235 (1982); *Commonwealth v. Bryner*, 285 Pa.Superior Ct. 305, 427 A.2d 236 (1981); *Commonwealth v. O'Brien*, 282 Pa.Superior Ct. 193, 422 A.2d 894 (1980); *Commonwealth v. Young*, 272 Pa.Superior Ct. 82, 414 A.2d 679 (1979); *Commonwealth v. Wicks*, 265 Pa.Superior Ct. 305, 401 A.2d 1223 (1979). We must likewise remand here.

The Commonwealth concedes the lower court's failure to explain the sentence but contends that a remand for resentencing is unnecessary because the sentencing judge later provided reasons for the sentence in the opinion that he filed pursuant to Pa.R.A.P. 1925(a). We have considered this argument elsewhere and have found it without merit; it ignores the reasons, which are explained in *Riggins*, for the requirement that a judge explain the basis of a sentence at the time of sentencing. *Commonwealth v. Cappiello*, 284 Pa.Superior Ct. 476, 426 A.2d 146 (1981); *Commonwealth v. Young*, 272 Pa.Superior Ct. 82, 414 A.2d 679 (1979).

The judgment of sentence is reversed and the case is remanded for re-sentencing.