473 A.2d 1103

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Reed HOLLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed March 30, 1984.

Smith B. Gephart, Harrisburg, for appellant.

Katherene E. Holtzinger, Assistant District Attorney, Harrisburg, for Com., appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

PER CURIAM:

On August 11, 1982, appellant Robert Reed Holler entered a plea of guilty to a charge of criminal conspiracy [1] and not guilty to a charge of possession with intent to manufacture or deliver a controlled substance.[2] On the same date, after trial without a jury, verdict was deferred pending submission of briefs. On September 29, 1982, the lower court rendered a verdict of guilty to the possession charge, and, being advised that appellant desired to waive his right to appeal that decision, pronounced sentence. Appellant was sentenced to two concurrent terms of two and one-half (2½) to five (5) years imprisonment. Appellant filed this timely appeal.

■ Appellant states the first issue as follows:

A. Did the Sentencing Court err by failing to place on the record the reasons for the sentence imposed upon Robert Reed Holler?

Brief for Appellant at 3.

The standards that this court follows in sentencing cases are clear:

It is settled that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). In exercising this discretion, however, the judge must rely on full and accurate information and must state on the record the reasons for the sentences imposed. *Commonwealth v. Riggins*, [474 Pa. 115, 377 A.2d 140 (1977)]; *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). This statement of reasons must show that in imposing sentence, the judge

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, Act of April 28, 1978, P.L. 202, No. 53, § 7(2), 18 Pa.C.S.A. § 903.

2. Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended, Act of October 26, 1972, P.L. 1048, No. 263, § 1; Act of December 30, 1974, P.L. 1041, No. 340, § 1; 35 Pa.S.A. § 780–113(a)(30).

attached weight to the factors set forth in the statutory guidelines for sentencing, and carefully considered the facts concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Wicks, supra.* If the sentencing judge fails to state the reasons for the sentences on the record, we will vacate the sentences and remand for resentencing. *See Commonwealth v. Young,* [272 Pa.Super. 82, 414 A.2d 679 (1979) ]; *Commonwealth v. Wicks, supra. Commonwealth v. Maxwell,* 280 Pa.Super. 235, 242, 421 A.2d 699, 703 (1980). *Commonwealth v. Bryner,* 285 Pa.Super. 305, 307–08, 427 A.2d 236, 237 (1981) (quotations omitted).

It is within this framework of prior case law that we must review the transcript of the sentencing proceedings held on September 29, 1982. We find that the sentencing court failed to comply with the mandates of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); hence, we must vacate the sentence and remand for resentencing.

The lower court failed to sufficiently state on the record its reasons for imposing the instant sentence. Our review of the transcript reveals only the following comments concerning the sentence imposed:

I don't see any excuse for his conduct in this business. He came from a fairly good home, good background. He is not out of the ghetto. He was out to make some big money by selling drugs.

. . . .

He didn't confess or give himself up. He got caught red-handed. He didn't have a choice once he got caught. I can't find any extenuating circumstances.

. . . .

Any less of a sentence with a drug quan[t]ity, with the sale of a drug of this nature would depreciate the seriousness of the offense and would seriously effect deterring others.

N.T., 9–29–82, at 8–9.

■ These comments fail to show that the court evaluated factors pertinent to the individual circumstances and

character of the appellant. Reference should be made to the individual's prior criminal record, his age, his personal characteristics and his potential rehabilitation. *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 197, 422 A.2d 894, 896 (1980). The court's reference to the appellant's "good background" is insufficient to establish that it considered the individual circumstances of appellant's case. *See Commonwealth v. Taylor*, 290 Pa.Super. 362, 364, 434 A.2d 794, 795 (1981) ("the decisions of our court and the Supreme Court insist that the trial judge explain in detail the reasons for the sentence imposed...").

The court also failed to state whether it considered alternatives to a sentence of total confinement as required by 42 Pa.C.S.A. § 9721.[3] The sentencing court merely stated that "any less of a sentence ... would depreciate the seriousness of the offense and would seriously effect deterring others."

> Upon imposing a sentence of total confinement, the sentencing judge must do more than merely echo one of these requirements.... The responsibilities [the Sentencing Code] imposes on the sentencing judge do not fade away and disappear upon utterance of the formula that "a lesser sentence would depreciate the seriousness of the crime." The judge must state, with reference to the record, why he believes that would be so. Only thus will the "appellate courts [be enabled] to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information." *Commonwealth v. Riggins, supra*, 474 Pa. at 131, 377 A.2d at 148.

*Commonwealth v. Farrar*, 271 Pa.Super. 434, 452–53, 413 A.2d 1094, 1103–04 (1979).

The fact that the lower court later provided a somewhat more extensive list of reasons for the sentence in the opinion it filed pursuant to Pa.R.A.P. 1925(a) does not cure its failure to articulate these reasons at the time of sentenc-

---

**3.** Act of December 30, 1974, P.L. 1052, No. 345, § 1, as amended November 26, 1978, P.L. 1316, No. 319, § 1; Act of October 5, 1980, P.L. 693, No. 142, § 401(a).

ing.  *See Commonwealth v. Harris*, 311 Pa.Super. 216, 457 A.2d 572 (1983);  *Commonwealth v. Giles*, 303 Pa.Super. 187, 449 A.2d 641 (1982).

Because the lower court failed to articulate its reasons for imposing the instant sentence, we must remand for resentencing.

■ The second issue appellant presents for our consideration is:

B.   Was the sentence to confinement of not less than two and one half (2½) years nor more than five (5) years so manifestly excessive as to constitute an abuse of discretion?

Brief for Appellant at 3.

It is clear that our scope of review as to the propriety of a sentence is narrow.   Sentencing is a matter within the sound discretion of the lower court and will only be disturbed when it exceeds the statutorily prescribed limits or is manifestly excessive as to constitute too severe a punishment.  *Commonwealth v. Burtner*, 307 Pa.Super. 230, 453 A.2d 10 (1982);  *Commonwealth v. Rooney*, 296 Pa.Super. 288, 442 A.2d 773 (1982);  *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979).

■ Given this strict standard of review, the failure of the lower court to articulate a significant statement of reasons for sentence, and the absence of the pre-sentence investigation from the record, we hesitate to find that the lower court abused its discretion in imposing the instant sentence.   Since we are remanding for resentencing based on appellant's first issue, we find it unnecessary to finally decide this issue.

We note, however, that the lower court seemed to base the sentence almost solely on the seriousness of the offense.   While we understand the lower court's concern for the control of drug trafficking, we must recognize that *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976) emphasized that sentencing may not focus solely on the nature of the crime.  *See Commonwealth v. Kraft*, 294

Pa.Super. 599, 440 A.2d 627 (1982). The court must also consider the individual character and circumstances of the offender. Instantly, we note that the appellant is a young man with a learning disability. He had a good work record and this was his first offense. While neither his age nor his disability excuse his criminal behavior in this instance, they are factors that should be considered in imposing sentence.

We also note that the psychological evaluation of appellant favors rehabilitation of appellant in a setting different than that chosen by the court. "[Appellant] does not show a typical criminal profile, but is rather a more anxious, somewhat depressed, insecure individual. If found guilty, I believe a work related program away from 'hard-timers' would be helpful for his rehabilitation. A closely supervised probation with some psychological counseling might prove just as beneficial." Reproduced Record at 30a. Of course, the court is not bound by the psychological evaluation. We feel, however, that the court should explain its reasons for a disposition of appellant's case that differs so radically from that suggested by the psychologist.

■ Finally, we are concerned with appellant's role in this offense. While it is clear that appellant was the intermediary and sole "contact" between the informant and the supplier, it is equally clear that appellant was not the "dealer." In spite of this fact, appellant received a sentence of two and one-half (2½) to five (5) years imprisonment in a state correctional institution whereas the "dealer" was sentenced to eleven and one-half (11½) to twenty-three (23) months in a county jail. We understand that the dealer cooperated with the Commonwealth in a number of drug arrests in exchange for a lesser sentence. Also, the appellant's co-defendants were sentenced by a different judge than the judge who imposed sentence on appellant. We recognize that it was not incumbent upon the lower court to be guided by the sentence a different court imposed on appellant's co-defendants. *Commonwealth v. Neal,* 258 Pa.Super. 375, 383, 392 A.2d 841, 845 (1978). *Also see Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 444 A.2d

1235 (1982). Nevertheless, we would also point out that there should not be a great disparity in the sentences imposed on co-defendants unless facts exist to warrant the unequal sentences. *See Commonwealth v. Sinwell,* 311 Pa.Super. 419, 457 A.2d 957 (1983); *Commonwealth v. Parry,* 306 Pa.Super. 390, 452 A.2d 781 (1982). If the court believes that sufficient factors exist to warrant the disparity in the sentences, the reasons therefore should be articulated on the record. *Commonwealth v. Sinwell, supra.*

We find it necessary to remand the case to the lower court for resentencing because the lower court failed to articulate reasons for the sentence imposed. While we do not decide the excessiveness issue, we suggest that the court consider the factors we have mentioned and all other relevant factors before pronouncing its new sentence. We direct the court to clearly articulate its reasons for the sentence it imposes and indicate why it has rejected alternative sentences.

Judgment of sentence is vacated. Case is remanded for resentencing. Jurisdiction is relinquished.

DEL SOLE, J., concurs in the result.