537 A.2d 9

**COMMONWEALTH of Pennsylvania**

v.

**Edward THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1987.

Filed Jan. 29, 1988.

John W. Ashley, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Com., appellee.

Before CAVANAUGH, BECK and MONTGOMERY, JJ.

BECK, Judge:

This is an appeal by Edward Thomas from a judgment of sentence entered on August 8, 1984 by the Court of Common Pleas of Lehigh County. The issue is whether the court, which resentenced defendant after his original judgment of sentence was invalidated, erred by failing to provide an adequate statement of reasons for the new judgment of sentence. We find that the court did not provide an adequate statement of reasons. Accordingly, we must va-

cate the new judgment of sentence and remand for resentencing.

This case has a complex procedural history.[1] In January, 1976, appellant was charged with burglary and receiving stolen property and incarcerated in the Lehigh County Prison. These charges were eventually dismissed. While in prison, however, appellant allegedly engaged in sodomy with a fellow inmate. He was charged with the sodomy offense and released on bail. Appellant was rearrested in May, 1976, and charged with robbery, conspiracy, terroristic threats, and commission of a crime with a firearm. During the month of September, 1976, appellant had two separate jury trials before the same trial court judge—one in connection with his alleged sex crime (Lehigh County Case No. 726 (1976)) and one in connection with the robbery and related charges (Lehigh County Case Nos. 1494 through 1497 (1976)).

On September 16, 1976, appellant was convicted of voluntary deviate sexual intercourse. He was sentenced for this offense on July 25, 1977 to 11 to 23 months imprisonment. He received a fifteen month credit on this sentence for the period during which he had been detained in connection with the robbery and related charges.

On September 23, 1976, appellant was convicted of robbery, conspiracy, terroristic threats, and commission of a crime with a firearm—the charges directly at issue in this appeal. He was originally sentenced for these offenses on November 29, 1977. At this sentencing hearing, the trial judge stated that he had to consider appellant's prior record when imposing sentence, and that this prior record indicated that appellant would be likely to continue to engage in criminal activity if placed on probation. The judge also specifically noted that appellant's prior record included a conviction for voluntary deviate sexual intercourse. The court then sentenced appellant to a total of ten to twenty years imprisonment.

1. *See Thomas v. Zimmerman,* 583 F.Supp. 701 (E.D.Pa.1984) for a detailed summary of the history of this case.

Appellant sought to overturn both his voluntary deviate sexual intercourse conviction and his robbery and related convictions on direct appeal and in collateral proceedings in the state courts of Pennsylvania. These efforts were unsuccessful. He then filed writs of habeas corpus in the federal district court for the Eastern District of Pennsylvania. In an opinion issued February 29, 1984, the federal court held that appellant had been denied his right to effective assistance of counsel as to the voluntary deviate sexual intercourse conviction. *Thomas v. Zimmerman*, 583 F.Supp. 701 (E.D.Pa.1984). The federal court also noted that subsequent to the exhaustion of appellant's direct appeal, the Pennsylvania statute proscribing voluntary deviate sexual intercourse had been declared unconstitutional by our State Supreme Court. *See Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980) (invalidating 18 Pa.Cons. Stat.Ann. § 3124 (Purdon 1983)).

After setting aside appellant's conviction for voluntary deviate sexual intercourse, the federal court proceeded to consider the impact that this conviction had on appellant's judgment of sentence for his robbery and related offenses. The court found that the sex crime conviction had affected the robbery sentence in two ways. First, appellant's fifteen month credit for pretrial detention had been applied toward his sex crime sentence rather than his robbery sentence. Second, the trial judge apparently considered appellant's previous conviction for voluntary deviate sexual intercourse as one of the aggravating factors which justified a long prison sentence for robbery. In light of these conclusions, the federal court granted a writ of habeas corpus as to the voluntary deviate sexual intercourse conviction. The court also granted a writ of habeas corpus as to robbery sentence but stayed execution of the writ for ninety days in order to afford the Commonwealth an opportunity to arrange for resentencing the appellant on his robbery and related convictions.

■ On August 8, 1984, appellant was resentenced to eight to twenty years imprisonment by the Honorable

James N. Diefenderfer of Lehigh County, a judge with no previous involvement in this case. Appellant filed a motion to modify sentence which was denied, and he appealed the new judgment of sentence to this court.[2] Appellant argues in the instant appeal that Judge Diefenderfer did not place on the record sufficient reasons for the new sentence. We agree.[3]

■ Before addressing the merits of appellant's claim, we must first decide whether the issue which he raises is properly before us. A challenge to the adequacy of a statement of reasons is viewed as an appeal of a discretionary aspect of sentencing. *See Commonwealth v. Tolassi,* 303 Pa.Super. 177, 449 A.2d 636 (1982). The right to appeal from a discretionary aspect of a sentence is not absolute.

**2.** Appellant filed a direct appeal to this court and a motion for reconsideration of sentence with the sentencing court. A hearing on the motion was repeatedly rescheduled and was not held until February 3, 1986. The transcript of this hearing does not appear in the record. On February 18, 1986, Judge Diefenderfer denied the motion for reconsideration.

Judge Diefenderfer did not file an opinion explaining the basis for his sentencing decisions. *See* Pa.R.A.P. 1925(a). The record was certified to the Superior Court without the Rule 1925(a) opinion by directive of President Judge Cirillo.

**3.** We note that appellant also raises two additional arguments that are without merit.

Appellant claims that his new judgment of sentence is illegal since he was not resentenced within ninety days of the federal court's order. On February 29, 1984, the federal court provided that the execution of the writ of habeas corpus as to appellant's robbery sentence would be stayed for ninety days "in order to afford the Commonwealth an opportunity to arrange for resentencing ..." The Commonwealth arranged for resentencing on May 17, 1984—within the ninety day period. The only reason why the actual sentencing hearing was delayed until August 8, 1984 is that appellant's counsel requested and obtained a continuance. Under these circumstances, we conclude that the Commonwealth complied with the federal court order and that the writ of habeas corpus did not take effect.

Appellant also argues that the sentencing court erred by failing to consider the 1982 sentencing guidelines when imposing the new judgment of sentence. These guidelines did not apply to sentences imposed for offenses committed before July 22, 1982. 204 Pa.Code § 303.1(d). Moreover, the sentencing guidelines were recently invalidated by the Pennsylvania Supreme Court in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987).

550

In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the Pennsylvania Supreme Court held that such an appeal should comply with the requirements of both Pa.R. A.P. 2119(f) and section 9781(b) of the Sentencing Code.[4]

■ Rule 2119(f) provides that the appellant "shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence." In the case sub judice, appellant's brief does not contain this statement and is therefore defective. However, a Rule 2119(f) violation will be overlooked unless the appellee specifically directs the court's attention to this deficiency. *See Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc). Since the Commonwealth's brief is silent as to the Rule 2119(f) defect, we will not dismiss Thomas' appeal on this basis.

Section 9781(b) provides that the Superior Court may grant an appeal from a discretionary aspect of sentence when it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. As we recently noted in *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (Pa.Super.1987):

> What constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process. *See, e.g., Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980) (sentence must be adjudicated by fair and impartial judge); *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977) (sentence may not be based in part on impermissible consideration).

*Id.*, 369 Pa.Superior Ct. at 201 n. 7, 535 A.2d at 119 n. 7.

■ We conclude that appellant's claim that the court failed to place sufficient reasons for his new judgment of

4.  42 Pa.Cons.Stat.Ann. § 9781(b) (Purdon 1982).

sentence on the record presents a substantial question. Section 9721(b) of the Sentencing Code specifically provides:

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as part of the record, and disclose in open court at the time of sentencing a statement of the reasons for the sentence imposed.... Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

*Cf.* Pa.R.Crim.P. 1405 (mandating statement of reasons at sentencing as rule of criminal procedure); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (mandating statement of reasons at sentencing as matter of case law). This requirement applies both to the original sentencing hearing and to all subsequent resentencing hearings. *Commonwealth v. Losch*, 369 Pa.Super. at 208 n. 9, 535 A.2d at 123 n. 9; *see Commonwealth v. Weldon*, 320 Pa.Super. 102, 466 A.2d 1082 (1983); *Commonwealth v. Kostka*, 276 Pa. Super. 494, 512–13, 419 A.2d 566, 575 (1980) (Spaeth, concurring); *Commonwealth v. Phillips*, 258 Pa.Super. 109, 114–15, 392 A.2d 708, 710 (1978). Moreover, the appellate courts of Pennsylvania have repeatedly held that a statement of reasons must conform to certain minimum requirements in order to be legally effective. *See, e.g., Commonwealth v. Holler*, 326 Pa.Super. 304, 473 A.2d 1103 (1984); *Commonwealth v. Weldon, supra.* Accordingly, appellant's allegation of error clearly merits review. *Cf. Commonwealth v. Losch, supra; Commonwealth v. Plasterer*, 365 Pa.Super. 190, 529 A.2d 37 (1987); *Commonwealth v. Lapcevich*, 364 Pa.Super. 151, 527 A.2d 572 (1987) (finding claim of inadequate statement of reasons presents substantial question under *Tuladziecki*).

■ We hold that the court which resentenced the appellant did not provide an adequate statement of reasons. The only reason given for the new sentence appears in the following order which the court announced at the resentencing hearing:

Now, August 8, 1984, upon direction of the Federal District Court of Eastern Pennsylvania, said sentence is

modified in that said defendant undergo imprisonment of Eight (8) to Twenty (20) years in such state correctional institution as shall be designated by the Deputy Commissioner for Treatment, Bureau of Diagnostic Classification Center at Graterford, Pennsylvania, for this purpose.

Said defendant shall be entitled to Credit for time served, under this charge for time served in Case No. 726/1976 [the sentence for voluntary deviate sexual intercourse] as a result of said criminal act being declared unconstitutional.

The court did not provide any further explanation for the new sentence. It merely recited the text of the above order. Such a statement is not sufficient to comply with the Sentencing Code.

As we noted in *Commonwealth v. Mills*, 332 Pa.Super. 75, 480 A.2d 1192 (1984):

The policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the need to make public "the thought process by which he arrives at a particular sentence." *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 196, 422 A.2d 894, 895 (1980); *See also Commonwealth v. Stafford*, [313 Pa.Super. 231, 459 A.2d 824 (1983) ]. By affording appellate courts some basis upon which to fully comprehend and fairly review the actions of the sentencing court, this directive acts as a shield against arbitrary sentencing decisions while, at the same time, discourag[ing] the entertainment of improper or irrelevant factors. *Commonwealth v. Kraft*, 294 Pa.Super. 599, 602, 440 A.2d 627, 630 (1982); *Commonwealth v. Stafford, supra.*

Although our courts have never required that the statement of reasons cite to specific language of the Sentencing Code, *Commonwealth v. Wicks*, [265 Pa.Super. 305, 401 A.2d 1223 (1979) ], it should, nonetheless, evince the court's reflection on the standards mentioned in the Code and should contain "some explanation of how consideration of those guidelines affected the determination of sentence." *Commonwealth v. O'Brien, [supra ]*, 422

A.2d at 896, quoting *Commonwealth v. Wareham*, 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978). *Id.*, 332 Pa.Super. at 86–87, 480 A.2d at 1198.

Section 9721 of the Sentencing Code directs the sentencing authority to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Section 9725 of the Code directs the sentencing authority to have regard for "the nature and circumstances of the crime and the history, character, and condition of the defendant" when imposing a sentence of total confinement. A brief statement at sentencing which reveals how the judge has applied these factors is ordinarily sufficient. *See Commonwealth v. Wareham, supra.* However, the judge's statement must clearly show that he has given individualized consideration to the character of the defendant. *See Commonwealth v. Ruffo*, 360 Pa.Super. 180, 520 A.2d 43 (1987); *Commonwealth v. Weldon, supra.* Where, as here, the judge at resentencing referred neither to the Sentencing Code nor to any information bearing upon the defendant's character, the need to vacate and remand is readily apparent.

■ The Commonwealth contends that this court should simply assume that the judge who resentenced appellant relied on the same character considerations which were articulated by a different judge at the time of the original sentencing hearing. This argument has two flaws. First, "[t]he mere presence in the record of evidence the court *could* have relied on does not meet the requirement that the judge state what it was the court *did* rely on in imposing sentence." *Commonwealth v. Warden*, 335 Pa.Super. 315, 323, 484 A.2d 151, 154–155 (1984) (emphasis in original). *See also Commonwealth v. Barrett*, 293 Pa.Super. 100, 437 A.2d 1010 (1981). A judge who wishes to rely upon sentencing considerations expressed at an earlier sentencing hearing should specifically state for the record that he is incorporating those considerations by reference.

■ Moreover, in the case sub judice, there is a further reason why we cannot rely on the original sentencing transcript to justify the sentences imposed at the resentencing hearing. A federal court found evidence that the evaluation of the appellant's character which took place at the first sentencing hearing was tainted by the trial judge's consideration of appellant's invalid conviction for voluntary deviate sexual intercourse. The resentencing judge had a duty to eliminate any influence which this impermissible consideration may have had on the determination of appellant's punishment. Under such circumstances, there can be no substitute for a full and fair reassessment of appellant's character. If the resentencing judge had implicitly adopted the trial judge's analysis of appellant's character, he would have perpetuated the impermissible consideration.

Appellant was originally sentenced to ten to twenty years imprisonment for robbery and related offenses. He was resentenced to eight to twenty years imprisonment. Perhaps the resentencing court carefully reconsidered appellant's case and then deducted twenty-four months from his original sentence—fifteen months as a credit for pretrial detention and an additional eight months which represent the court's independent evaluation of appellant's character without reference to his invalid sex crime conviction. Such a disposition would undoubtedly be within the broad discretion of the sentencing authority. However, since there is no adequate statement of reasons, we are left to guess why the resentencing court acted as it did. Accordingly, we must again vacate judgment of sentence and remand for resentencing.

On remand, the court should apply the considerations outlined in the Sentencing Code in light of both the existing record and any new relevant evidence which defense counsel brings to its attention. *See Commonwealth v. Losch, supra.* Ordering an updated presentencing report, although not mandatory, would also be advisable. The court should then announce a more detailed statement of reasons at the new sentencing hearing. Assuming it complies with

these requirements, the court may again choose to impose a lengthy prison sentence.

Judgement of sentence vacated and case remanded for resentencing consistent with this opinion. Jurisdiction is relinquished.