J-E03001-16

2017 PA Super 215

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KWAME LAMAR BARNES :
:
Appellant : No. 947 MDA 2014

Appeal from the Judgment of Sentence January 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000426-2011

BEFORE: BENDER, P.J.E., BOWES, PANELLA, LAZARUS, OTT, STABILE,
DUBOW, MOULTON, and RANSOM, JJ.

CONCURRING STATEMENT BY RANSOM, J.: **FILED JULY 10, 2017**

I join the Majority opinion in all respects. Nevertheless, I write

separately to note that Appellant raised two claims challenging discretionary

aspects of his sentence, asserting that (1) his sentence on remand was the

product of vindictiveness and (2) the court failed to place on the record

reasons for the sentence imposed, in violation on 42 Pa.C.S. § 9721(b).

**See** Appellant's Br. at 18-19. The Majority does not address the latter.

A claim that a court failed to provide a statement of reasons for the

sentence imposed presents a substantial question. **Commonwealth v.**

**Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006).

Section 9721 provides:

In every case in which the court … *resentences following
remand*, the court shall make as part of the record, and disclose

in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b) (emphasis added). Thus, the duty to state reasons in open court applies to the original sentencing hearing, as well as all subsequent resentencing hearings. *Commonwealth v. Thomas*, 537 A.2d 9, 12 (Pa. Super. 1988).

According to Appellant, the court abused its discretion when it failed to provide any reasons for the sentence imposed. In my view, Appellant has accurately portrayed the substance of the resentencing hearing. *See* Notes of Testimony (N.T. Resentencing), 01/30/2014, 2-6. The transcript does not reveal the court's familiarity with the underlying facts of this case; there is no reference to the Sentencing Code or the norms that underlie the sentencing process; nor is there any suggestion the court relied upon considerations that previously informed its sentencing decision. *Id.* [1]

A sentencing court's explanation of its sentence is not merely a perfunctory exercise. To the contrary,

> [t]he policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the need to make public the thought process by which [s]he arrives at a particular sentence. By affording appellate courts some basis upon which to fully comprehend and fairly review the actions of the sentencing court, this directive acts as a shield

---

[1] It is with some concern that I infer the sentencing court was well aware of the *Apprendi* issue, resolved by this appeal, at the time of resentencing, yet nonetheless chose to impose an illegal sentence. *See* N.T. Resentencing at 3-4.

against arbitrary sentencing decisions while, at the same time, discouraging the entertainment of improper or irrelevant factors.

Although our courts have never required that the statement of reasons cite to specific language of the Sentencing Code, … it should, nonetheless, evince the court's reflection on the standards mentioned in the Code and should contain some explanation of how consideration of those guidelines affected the determination of sentence.

*Thomas*, 537 A.2d at 13 (quoting *Commonwealth v. Mills*, 480 A.2d 1192, 1198 (Pa. Super. 1984)) (internal citations omitted; some punctuation modified).

In its appellate brief, the Commonwealth contends that, because the court's reasons for the original sentence were placed on the record and because the merger issue that necessitated resentencing did not call those reasons into question, the court's earlier reasoning was adequate to support the new sentence imposed. Commonwealth's Br. at 14. According to the Commonwealth, "to restate the reasons would be redundant." *Id.*

I reject the Commonwealth's contention. As this Court has noted previously, "the mere presence in the record of evidence the court *could* have relied on does not meet the requirement that the judge state what it was the court *did* rely on in imposing sentence." *Thomas*, 537 A.2d at 14 (rejecting a similar contention by the Commonwealth that this Court should "simply assume" the same considerations applied at resentencing) (citation omitted). To the extent a previous statement of reasons in support of a sentence may adequately explain the court's considerations upon remand

and resentencing, the court should specifically incorporate those reasons by reference. *Id.*

Here, in light of our disposition, the sentencing court will have another opportunity to make public the reasons for Appellant's sentence. In my view, the court should do so.

Judge Dubow joins this Concurring Statement.