CONCURRING STATEMENT BY
RANSOM, J.:
I join the Majority opinion in all respects. Nevertheless, I write separately to note that Appellant raised two cláims challenging discretionary aspects of his sentence, asserting that (1) his sentence on remand was the product of vindictiveness and (2) the court failed to place on the record reasons for the sentence imposed, in violation on 42 Pa.C.S. § 9721(b). See Appellant’s Br. at 18-19. The Majority does not address the latter.
A claim that a court failed to provide a statement of reasons for the sentence imposed presents a substantial question. Commonwealth v. Malovich, 903 A.2d 1247, 1253 (Pa. Super. 2006).
Section 9721 provides:
In every ease in which the court ... resentences following remand, the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.
42 Pa.C.S. § 9721(b) (emphasis added). Thus, the duty to state reasons in open court applies to the original sentencing hearing, as well as all subsequent resen-tencing hearings. Commonwealth v. *126 Thomas, 370 Pa.Super. 544, 537 A.2d 9, 12 (1988).
According to Appellant, the court abused its discretion when it failed to provide any reasons for the sentence imposed. In my view, Appellant has accurately portrayed the substance of the resentencing hearing. See Notes of Testimony (N.T. Resentencing), 01/30/2014, 2-6. The transcript does not reveal the court’s familiarity with the underlying facts of this case; there is no reference to the Sentencing Code or the norms that underlie the sentencing process; nor is there any suggestion the court relied upon considerations that previously informed its sentencing decision. Id.[1]
A sentencing court’s explanation of its sentence is not inérely. a perfunctory exercise. To the contrary,
[t]he policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the need to make.public the thought process by which [sjhe arrives at a particular sentence. By affording appellate courts some basis upon which to fully comprehend and fairly review the actions of the sentencing court, this directive acts as a shield against arbitrary sentencing decisions while, at the same time, discouraging the entertainment of improper or irrelevant factors.
Although our courts have never required that the statement of reasons cite to specific language of the Sentencing Code, ... it should, nonetheless, evince the court’s reflection on the standards mentioned in the Code and should contain some explanation of how consideration of-those guidelines affected the determination of sentence.
Thomas, 537 A.2d at 13 (quoting Commonwealth v. Mills, 332 Pa.Super. 75, 480 A.2d 1192, 1198 (1984)) (internal citations omitted; some-punctuation modified).
In its appellate brief, the Commonwealth contends that, because the court’s reasons for the original sentence were placed on the record and - because the merger issue that necessitated resentenc-ing did'not call those reasons into question, the court’s earlier reasoning was adequate to support the new sentence imposed. Commonwealth’s Br. at 14. According to the Commonwealth, “to restate the reasons would be redundant.” Id.
I reject the Commonwealth’s contention. As this Court has noted previously, “the mere presence in the record of evidence the court could have relied on does not meet the requirement that the judge state what it was the court did rely on in imposing sentence.” Thomas, 537 A.2d at 14 (rejecting a similar contention by the Commonwealth that this Court should “simply assume” the same considerations applied at resentencing) (citation omitted). To the extent a previous statement of reasons in support of a sentence may adequately explain the court’s considerations upon remand and resentencing, the court should specifically incorporate those reasons by reference.. Id.
Here, in 'light of bur disposition, the sentencing court will have another opportunity to make public the reasons for Appellant’s sentence. In my view, the court should do so.
Judge Dubow joins this Concurring Statement.

. It is with some concern that I infer the sentencing court- was well aware of the Ap-prendí issue, resolved by this appeal, at the time of resentencing, yet nonetheless chose to impose an illegal sentence. See N.T. Resen-tencing at 3-4.