J-S69039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVIER COLON JR. | : | |
| | : | |
| Appellant | : | No. 505 EDA 2019 |

Appeal from the PCRA Order Entered February 1, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0005030-2016

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    Filed: April 15, 2020

Appellant, Javier Colon Jr., *pro se*, appeals from the order of the Court of Common Pleas of Lehigh County, that dismissed his second petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.  We affirm.

On May 16, 2017, Appellant entered into a negotiated guilty plea to one count of Possession with Intent to Deliver (PWID) and one count of Conspiracy.[2]  On August 4, 2017, Appellant was permitted to withdraw his guilty plea.  On September 11, 2017, Appellant entered into an open guilty

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 35 P.S. 780-113 § (A)(30) and 18 P.S. § 903, respectively.

plea to five counts of PWID, four counts of Possession of a Controlled Substance, one count of Possession of Drug Paraphernalia, and one count of Conspiracy.[3] That same day he was sentenced to an aggregate sentence of 13 years and 2 months to 27 years' incarceration. Appellant filed a timely post-sentence motion and on October 31, 2017, the trial court resentenced Appellant to an aggregate sentence of 8-16 years' incarceration. Appellant did not file a direct appeal.

On December 7, 2017, Appellant filed a petition titled "Praecipe For Writ of Habeas Corpus" arguing that his first guilty plea was improperly withdrawn. The PCRA court treated it as a first petition filed pursuant to the PCRA, appointed counsel and counsel filed an amended petition arguing that trial counsel was ineffective during the guilty plea process and that Appellant's second guilty plea was not knowing and voluntary. On July 6, 2018, the PCRA court entered an Order stating "at the request of the defendant and his counsel to withdraw [the Petition for Writ of Habeas Corpus and amended motion for relief under the PCRA], it is ordered that both the petition and amended motion are dismissed." Order, 7/6/18. Appellant did not file an appeal to that Order.

On October 30, 2018, Appellant, *pro se*, filed this second PCRA petition alleging ineffective assistance of trial counsel and that he was unlawfully

---

[3] 35 P.S. 780-113 §§ (A)(30), (A)(16), (A)(32) and 18 P.S. § 903, respectively.

induced to plead guilty. Appellant's Second PCRA petition at 2. On November 28, 2018, the PCRA court issued Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response, arguing that the PCRA court was collaterally estopped from dismissing his petition, and on February 1, 2019 the PCRA court issued an Order dismissing Appellant's PCRA petition.[4] On February 14, 2019, Appellant filed a timely notice of appeal.

Appellant presents the following issue(s) for our review:

1. Did the PCRA Court err when it withdrew [A]ppellant's guilty plea, where there was no factual basis or procedural grounds?

2. Did the PCRA Court fail to recuse itself from the proceeding after it withdrew defendant's guilty plea, which was error. Residing thereafter with the specific intent to increase the sentence as a means of punishing appellant for motioning to withdraw?

3. Was Trial/PCRA Counsel ineffective for failure to move to suppress physical evidence, which caused the appellant to plead guilty to charges where there was no factual basis?

4. Did the trial Court err when it sentenced Appellant outside the sentencing guidelines without providing an adequate explanation?

5. Did the PCRA Court err by dismissing the PCRA petition without allowing Appellant adequate representation. Specifically, to allow him to fix, cure and/or amend his petition to add

---

[4] The PCRA court determined that all of Appellant's issues in his second PCRA petition were waived according to **Commonwealth v. Shaffer**, 569 A.2d 360, 364 (Pa. Super. 1990), as the claims raised are the same as were raised in his first PCRA petition which he voluntarily withdrew, and Appellant did not demonstrate a miscarriage of justice in order for the PCRA court to review his second PCRA petition. **See** PCRA court Order, 11/28/18; PCRA court Order, 2/1/19; **See Commonwealth v. Cramer**, 195 A.3d 594, 607 n.5 (Pa. Super. 2018) (we may affirm on any basis).

> ineffective assistance of guilty plea counsel for coercing him to plead guilty to charges without a factual basis.
>
> 6. Did the PCRA Court err in failing to comply with Rule 1925(a) to provide an opinion, which prejudiced appellant and deprived him of an adequate opportunity to file and address the courts reason(s) for denying his PCRA petition?

Appellant's Brief at 5.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (*quoting Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)). First, we must determine whether Appellant has preserved his issues for our review. "When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed[.]" *Commonwealth v. Smith*, 854 A.2d 597, 599 (Pa. Super. 2004) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived").

This Court does not have discretion to consider an untimely filed Rule 1925(b) statement, even if the trial court addresses the issues in its Rule 1925(a) opinion. *See Greater Erie Indus. Dev. Corp. v. Presque Isle*

***Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014).  Nor is Rule 1925(b) satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge.  ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) (finding waiver where appellant attaches Rule 1925(b) statement to his brief and states that he mailed a copy to the presiding judge, but Rule 1925(b) statement does not appear in the certified record, is not evidenced by any docket entry and does not bear the customary "time stamp" of the court of clerks).

On February 15, 2019, the PCRA court ordered Appellant to file his Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the date of the Order.  On March 6, 2019, Appellant filed a motion for an extension of time to file his 1925(b) statement.  On March 8, 2019, the PCRA court granted his motion and ordered Appellant to file his Rule 1925(b) statement by March 29, 2019.  On March 14, 2019, Appellant filed a letter, dated March 9, 2019, stating his Rule 1925(b) statement was attached; however, the only attachment was a copy of the notice of appeal.  Indeed, the correspondence was noted on the PCRA court's docket as "case correspondence- copy of notice of appeal refiled."  Appellant filed another letter, addressed to the clerk of courts, dated March 19, 2019, asking to confirm that they received his Rule 1925(b) statement.  Letter, 3/25/19.  On April 11, 2019, the trial court issued an Order stating that it is not filing a 1925(a) opinion because it's Orders dated November 28, 2018 and February 4, 2019 sufficiently address the issues.

Accordingly, we conclude that Appellant has waived all of his issues on appeal for failure to comply with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See Butler,** 812 A.2d at 634 (As Rule 1925(b) waiver is automatic, Superior Court properly raised issue *sua sponte*). As Appellant has failed to preserve any issues for our review, we affirm the PCRA court's order. **In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).

Even if Appellant had preserved his issues for review by filing his Rule 1925(b) statement, we would find Appellant's issues to be waived on other grounds or without merit. Appellant's first and third issues would have been waived for failure to include them in his second PCRA petition. **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (a claim not raised in a PCRA petition cannot be raised for the first time on appeal). Although Appellant's second and fourth issues were included in his second PCRA petition, we would find these issues, likewise, waived. Appellant's second issue, that the PCRA court erred in failing to recuse itself from the proceeding after it withdrew Appellant's first guilty plea, is waived for failure to raise with the trial court. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant points to no evidence in the record of a request for recusal made to the trial court, nor does our review of the record reveal a request for recusal. We would find this issue waived on this alternate ground.

Appellant's fourth issue, that the trial court erred when it sentenced Appellant outside the sentencing guidelines without providing an adequate explanation, is a challenge to the discretionary aspects of his sentence, is likewise waived and meritless. ***Commonwealth v. Thomas***, 537 A.2d 9, 12 (1988) (a challenge to the adequacy of a statement of reasons is viewed as an appeal of a discretionary aspect of sentencing.) We would alternately find this issue waived because Appellant could have presented the issue in an earlier proceeding, in a post-sentence motion or on direct appeal, but neglected to do so. "For purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Additionally, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings[,] [a]bsent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013). Indeed, Appellant did file a motion to reconsider his sentence, but only argued that his sentence was excessive and punitive. Appellant's Motion to Reconsider 9/21/17, at 4. Moreover, we note that the PCRA does not provide an appellant relief for discretionary aspects of sentence claims. ***See Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) ("Challenges to the discretionary aspects of sentencing are not

cognizable under the PCRA.") (citations omitted); **see also** 42 Pa.C.S.A. § 9543(a)(2).

Even if we would have found that Appellant preserved his fifth and sixth issues by filing a Rule 1925(b) statement, we would find these issues are meritless. Appellant is not entitled to court appointed counsel for his second PCRA petition. **See Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa. Super. 2000) (although a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions); **see also Pa.R.Crim.P. 904(D)** and **Comment** (on second or subsequent PCRA petitions, counsel should be appointed only if the judge determines that an evidentiary hearing is required or in any case when the interests of justice require appointment of counsel).

To the extent that Appellant alleges that the PCRA court erred in not allowing him to amend his petition to include an issue of ineffective assistance of trial counsel for coercing him to plead guilty, this issue is waived for failure to raise with the PCRA court. **See** Pa.R.A.P. 302(a). Appellant points to no evidence that he requested permission to amend his PCRA petition with the PCRA court and we find no evidence in the record to suggest that Appellant requested such permission. Indeed, in Appellant's response to the PCRA court's 907 Notice, Appellant did not request permission to amend his PCRA petition. **See** Pa.R.Crim.P. 905(a) (The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice). The

response to the PCRA court's 907 Notice is not itself a petition and the law still requires leave of court to submit an amended petition. **_See also_** **_Commonwealth v. Rykard_**, 55 A.3d 1177, 1189 (Pa. Super. 2012). This issue would be waived on this alternate ground.

Alternately, if we had not found waiver for failure to file a Rule 1925(b) statement, we would find Appellant's sixth issue meritless as we discern no error in the PCRA court's Order, dated April 11, 2019, stating that its orders dated November 28, 2018 and February 4, 2019 sufficiently address the issues raised by Appellant's second PCRA petition, to satisfy Pa.R.A.P. 1925(a)(1) ("the judge who entered the order giving rise to the notice of appeal . . . shall specify in writing the place in the record where such reasons may be found"). Moreover, even if the PCRA court's statement of its reasons was inadequate, that inadequacy was waived by Appellant's failure to file a Rule 1925(b) statement.

During the pendency of this appeal, Appellant filed a "Petition for Remission of the Record and Remand to the Lower Court for Evidentiary Hearing." Appellant requested this Court remand his appeal to the PCRA court for an evidentiary hearing relating to several issues involving the incompetency of his trial counsel, which he states were not discovered until after he filed the notice of appeal. These issues include, that trial counsel coerced and induced him to plead guilty, did no pre-trial investigation, failed to raise a speedy trial claim, entered into an agreement to waive RRRI eligibility without Appellant's permission, and failed to file a notice of appeal

and motion to withdraw his guilty plea. In **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), appellant filed a motion to remand with this Court, to allow the PCRA court to hold an evidentiary hearing on newly discovered evidence; this Court denied the motion and held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588. The **Lark** Court noted that its holding did not preclude the PCRA court from granting leave to amend a PCRA petition that is currently pending before that court. **Id**. at 588 n.2. Upon review, this petition is denied.

Accordingly, Appellant waived all of the issues presented in his second PCRA petition and we affirm the PCRA court's order denying the petition.

Appellant's "Petition for Remission of the Record and Remand to the Lower Court for Evidentiary Hearing" denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/20

- 10 -