500 A.2d 890

**COMMONWEALTH of Pennsylvania**

**v.**

**Deanna Kay HOLMES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Nov. 15, 1985.

John P. Campana, Williamsport, for appellant.

Jo Ann Dittman, Assistant District Attorney, Milton, for Commonwealth, appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

This appeal comes to us from a judgment of sentence entered November 15, 1984 in the Court of Common Pleas of Northumberland County sentencing appellant to total confinement for a period of three to six (3 to 6) years, fines in the amount of $500.00 and costs.

The appellant, Deanna Kay Holmes, entered a plea of guilty to two counts of delivery of a controlled substance, one count of driving under the influence and one count of driving under suspension. A motion for reconsideration was filed and denied. This timely appeal followed.

On appeal, the appellant presents the following questions:

1. Did the court below err when it failed to enunciate its reasons for total confinement as required by the Sentencing Code.

2. Were the sentences imposed unduly harsh?

In her first issue, the appellant contends that the lower court erred in failing to enunciate its reasons for the sentences. Appellant also contends that the lower court erred in failing to inquire into appellant's ability to pay before imposing the fine.

Although the judge later wrote a brief statement of his reasons for imposing the sentence when denying appellant's Motion for Reconsideration, our review of the sentencing transcript indicates that he did not disclose reasons at the time of sentencing. Accordingly, we are compelled to vacate the sentence and remand for resentencing. *Commonwealth v. Harris*, 311 Pa.Superior Ct. 216, 457 A.2d 572 (1983); *Commonwealth v. Giles*, 303 Pa.Superior Ct. 187, 449 A.2d 641 (1982). We do not reach the merit of appellant's remaining claims.

Sentence is vacated and case remanded for resentencing. Jurisdiction is relinquished.