J-S88042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON LANG, | |
| Appellant | No. 2548 EDA 2014 |

Appeal from the Judgment of Sentence August 7, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0013616-2012

BEFORE:    OLSON, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 07, 2017**

Brandon Lang (Appellant) appeals from the judgment of sentence of two to five years of incarceration entered following the revocation of his probation. We vacate Appellant's judgment of sentence and remand this case for resentencing.

In February 2014, Appellant entered a negotiated guilty plea to counts of receiving stolen property and unauthorized use of automobiles and other vehicles, and received respective concurrent sentences of five and two years of county probation. The trial court explained:

> [A]t the time of imposition of the negotiated period of probation, all parties acknowledged that the computed [] sentencing guidelines calculated the lead offense with an offense gravity score of "5" and that [Appellant's] prior record score [was] 1. Thus, the recommended range of sentence was incarceration of a length between one and twelve months with a possible

*Retired Senior Judge assigned to the Superior Court.

deviation of three months. [Appellant's] criminal record included multiple misdemeanor convictions for theft from motor vehicles as well as an illegal narcotics possession and a summary conviction for contempt of court. [Appellant] had violated the terms of his previously imposed periods of probation or parole for those offenses. Th[e trial c]ourt was also aware that [Appellant] had previously failed to appear as scheduled for court on multiple occasions. Given all of the circumstances and facts of the underlying charges, the negotiated sentence of another period of probations was generously below the recommended guidelines.

As a minimal condition of [Appellant's] supervision probation, [Appellant] had been directed by th[e trial c]ourt to report to his assigned probation officer, obtain a G.E.D., and pay restitution to the owner of the stolen automobile in the amount of $700.00 for the damages he had caused and pay mandatory court fines and costs throughout the period of probation. Upon entry of the guilty plea, [Appellant] waived his right to have any presentence investigative report completed. At the time of sentencing, [Appellant] was given credit for the county time he previously served while awaiting trial.

Sentencing Court Opinion, 2/5/2016, at 2 (unnecessary capitalization omitted).

Appellant reported to his probation officer upon his release from custody, but thereafter failed to report or attend the ordered G.E.D. classes. Consequently, a bench warrant was issued on May 20, 2014.

On August 7, 2014, after sufficient basis for revocation of [Appellant's] parole and probation was presented, all parties agreed to proceed immediately to sentencing without any request for any presentence investigation evaluations. Although presentence reports were not formally waived, th[e trial c]ourt deemed it waived from the prior waiver and the insistence of the parties to proceed immediately to sentencing following the revocation.

After hearing argument, th[e trial c]ourt sentenced [Appellant] to a [] state term of minimum confinement of two to five years, and directed [Appellant] to pay the remaining court costs and fees, and pay owed amount of restitution. [Appellant] was given credit for any time served. Th[e trial c]ourt specifically recommended and directed that [Appellant] be eligible for the early release opportunity afforded in the state boot camp program. If accepted into the boot camp program, [Appellant] would have been released after a mere six months of confinement. …

On August 11, 2014, [Appellant] filed a request for reconsideration of sentence. This was denied without hearing on August 15, 2014. On September 4, 2014, a notice of appeal was filed on behalf of [Appellant]. On September 16, 2014 this Court directed [Appellant] to file a 1925(b) statement. The statement was timely filed on October 3, 2014….

*Id.* at 3-4 (citations and unnecessary capitalization omitted). The sentencing court eventually filed its Rule 1925(a) opinion, offering therein reasons for the sentence imposed, on February 5, 2016, and this case is now ripe for our review.

Appellant presents this Court with a multi-faceted challenge to the discretionary aspects of his sentence, including the claim that the sentencing court failed to place on the record the reasons for the sentence imposed.[1] Appellant's Brief at 4.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

---

[1] Because we determine that resentencing is necessary based upon this aspect of Appellant's claim, we need not address his remaining arguments.

- 3 -

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal after filing a motion to modify sentence which included the claim at issue, and his brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether Appellant has presented a substantial question for our review.

This Court has held that an allegation that the sentencing court failed to offer a contemporaneous statement on the record of the reasons for the sentence imposed raises a substantial question. **Commonwealth v. Johnson**, 541 A.2d 332, 341 n.4 (Pa. Super. 1988). Accordingly, we review the merits of Appellant's claim.

Regarding prison sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or

- 4 -

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Further, "[i]n **every case** in which the court … resentences an offender following revocation of probation, … the court **shall** make as a part of the record, **and disclose in open court at the time of sentencing**, a statement of the reason or reasons for the sentence imposed." 42 Pa. C. S. § 9721(b) (emphasis added).

"Such a statement is mandatory." *Johnson*, 541 A.2d at 340. Offering the reasons at a later time, such as in ruling upon a motion for reconsideration of sentence or in authoring a Rule 1925(a) opinion, does not cure noncompliance with subsection 9721(b). *See*, *e.g.*, *Commonwealth v. Holmes*, 500 A.2d 890, 891 (Pa. Super. 1985); *Commonwealth v. Giles*, 449 A.2d 641, 642 (Pa. Super. 1982).

Here, the transcript of the sentencing hearing reveals that the sentencing court detailed the history of the case, N.T., 8/7/2014, at 4-6; Appellant's counsel explained Appellant's reasons for failing to comply with the terms of probation and requested that the sentencing court "give him either a short jail sentence with parole or allow him to have another period of probation," *id.* at 6-8; and the Commonwealth recommended "a short jail

sentence," *id.* at 8. After Appellant briefly exercised his right to allocution,

*id.* at 9, the sentencing transcript reads as follows:

> **THE COURT**:    Okay.
>
> All right.
>
> Sir, you may stand. This [c]ourt finds that you violated the period of probation presented to you on February 7[th].
>
> I resentence you [on] the receiving stolen property, 2-to-5 years' state incarceration. You are Boot Camp [eli]gible.
>
> [**APPELLANT'S COUNSEL**]: Your Honor, would you consider a county sentence?
>
> **THE COURT**:    No.
>
> [**APPELLANT'S COUNSEL**]: He's never been in jail.
>
> **THE COURT**:    No.
>
> As to the unauthorized use, I'm suspending your sentence. A condition of your parole is the payment of $700.00 restitution and any mandatory fines and cost.
>
> You may advise him.

*Id.* at 9-10. Appellant's counsel then explained Appellant's post-sentence

rights, and the hearing concluded. *Id.* at 10-11.

The record thus confirms Appellant's contention that the sentencing

court failed to state on the record any reasons for its sentence, let alone

findings required under 42 Pa.C.S. § 9771(c) for imposition of a period of

total confinement following revocation of probation. Accordingly, we must

vacate Appellant's sentence and remand for resentencing. ***See, e.g.***,

*Commonwealth v. Riggins*, 377 A.2d 140, 151 (Pa. 1977) (vacating sentence and remanding "to afford the trial court an opportunity to resentence appellant and to include a statement of reasons for the sentence imposed"); *Commonwealth v. Harris*, 457 A.2d 572, 574 (Pa. Super. 1983) (vacating sentence and remanding for resentencing where "[a]lthough the judge did later write an opinion in which he discussed the sentence and his reasons for imposing it, … the sentencing transcript indicates that he did not disclose those reasons at the time of sentencing").

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/7/2017