**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Troy SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2003.
Filed July 12, 2004.

Ronald Hayward, Pittsburgh, for appellant.

John C. Pettit, Asst. Dist. Atty., for Commonwealth, appellee.

Before: STEVENS, ORIE MELVIN, and CAVANAUGH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Washington County, which convicted Appellant of Driving Under the Influence of Alcohol or Controlled Substance ("DUI"). Appellant contends that the court erred in failing to suppress all evidence stemming from a traffic stop unsupported by a reasonable articulable suspicion of criminal activity. We affirm.

¶ 2 The trial court aptly summarizes the facts and procedural history of the instant case:

A criminal complaint was filed against [Appellant] on May 14, 2002, charging [Appellant] with [DUI] on April 13, 2002 in Donegal Township, Washington County. Following a preliminary hearing before District Justice Jay H. Dutton, the charge was held for court.

After receiving two continuances, [Appellant] filed an Omnibus Pretrial Motion. [Appellant] argued that the charge should be dismissed because the Officer who stopped the Defendant did so based upon information received from a 911 dispatcher rather than the officer's own observations. A hearing on the Defendant's Motion was conducted on February 25, 2003.

At the hearing conducted on February 25, 2003, Corporal John Dryer of the Donegal Township Police testified. Officer Dryer responded to a 911 dispatch that a person, matching [Appellant's] de-

scription, had been seen traveling on the highway in an erratic manner, in a vehicle matching [Appellant's], including the license plate number. The dispatch also relayed that the motorist who called in the complaint had witnessed the vehicle enter into a public parking lot very near where Officer Dryer was patrolling. Officer Dryer immediately went to the indicated parking lot and discovered a vehicle matching the description, including the license plate, with a person matching the description given, [Appellant], in the driver seat of the vehicle.

Officer Dryer testified that he entered the lot and observed [Appellant] in his vehicle, which [Appellant] then tried to drive from the lot, within moments of the officer receiving the 911 dispatch. When [Appellant] attempted to leave the parking lot, Officer Dryer initiated the traffic stop. Upon noticing that [Appellant] had bloodshot eyes, slurred speech, and a strong odor of alcohol about his person, Officer Dryer conducted several field sobriety tests that the [Appellant] failed. [Appellant] was then placed under arrest for Driving Under the Influence.

[Appellant] did not testify [at the suppression hearing] and no other defense witnesses were presented. Based upon the credible testimony of Officer Dryer, the Court found that reasonable suspicion did exist for the traffic stop and denied [Appellant's] motion.

Trial Court Opinion dated 4/29/03 at 1–2.

¶ 3 Evidence from Appellant's suppression hearing was incorporated in his bench trial of March 14, 2003. Based on this and additional Commonwealth evidence, the court convicted Appellant of DUI. A second-time offender, Appellant was sentenced to not less than thirty days or more than twelve months imprisonment, the minimum mandatory sentence. This timely appeal followed.

¶ 4 On March 26, 2003, the trial court ordered Appellant "to file of record with the Court and to serve on the undersigned a Concise Statement of the Matters Complained of On Appeal no later than fourteen (14) days after the entry of this Order." Order filed 3/26/03. The record reflects that Appellant's attorney received delivery of the order on March 27, 2003. Nevertheless, Appellant filed no 1925(b) statement with the court, prompting the court to file a 1925(a) opinion recommending that we find all issues raised herein waived. Appellant thereafter filed a belated 1925(b) statement raising a single issue challenging the denial of his motion to suppress for want of reasonable suspicion supporting the traffic stop. In an amended 1925(a) opinion, the trial court reiterated its belief that Appellant's failure to file a timely concise statement waived the issue on appeal, although it then offered an alternative rejection of the appeal on the merits.

¶ 5 Pa.R.A.P.1925(b), "Direction to file statement of matters complained of[,]" provides:

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

¶ 6 Pa.R.A.P.1925(b), 42 Pa. C.S.A. When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed, *Commonwealth v. Lord*, 553 Pa. 415, 719

A.2d 306, 308 (1998), but is discretionary with the trial court when the statement is belatedly filed. *See In re C.R.J.*, 801 A.2d 1261 (Pa.Super.2002) (finding waiver where trial judge deemed all issues waived for belated filing); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000) (finding no waiver where trial judge elected to address belated statement). *See also Middleton v. Middleton*, 812 A.2d 1241 (Pa.Super.2002) (collecting cases).

■ ¶ 7 Here, Appellant failed to file a 1925(b) statement by the fourteen day deadline, which prompted the trial court to file a 1925(a) opinion finding all issues waived. Eight days after receiving the trial court's opinion, and twenty-eight days overall after his receipt of the court's original order, Appellant filed a belated 1925(b) statement with the court. The court, however, maintained its position that Appellant's noncompliance resulted in waiver of his issue on appeal. Only in the alternative did the trial court dismiss Appellant's issue on the merits.

¶ 8 Distinguishable from cases such as *Ortiz, supra,* where the trial court elects to accept an appellant's belated filing and to address the issues raised therein, the present case saw the court reject the belated filing and invoke Rule 1925 waiver. It was within the trial court's discretion to find waiver, and Appellant is held to have assumed the risk of waiver under the Rule for not complying with the court's order. The court addressed Appellant's issue in the alternative not because Appellant had preserved the issue for review but only on the possibility that we would override its decision to reject the late filing, which we decline to do.

¶ 9 Accordingly, we find Appellant waived his appellate claim when he elected to disregard the trial court's order to file a timely concise statement as required under the appellate rules. Judgment of sentence is affirmed.

¶ 10 Affirmed.