J-S55004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY JERMAINE GARDNER | |
| Appellant | No. 759 EDA 2015 |

Appeal from the PCRA Order February 9, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003279-2006

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED October 5, 2016**

Terry Jermaine Gardner appeals from the order, entered in the Court of Common Pleas of Chester County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After our review, we affirm.

Following a jury trial, Gardner was convicted of first-degree murder and related offenses based upon his participation in a conspiracy to kill the victim in retaliation for another killing.  Gardner fired the fatal gunshot.  On October 27, 2010, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Gardner filed a direct appeal of his judgment of sentence, which was affirmed by this Court on October 26, 2011. *See Commonwealth v. Gardner*, 37 A.3d 1245 (Pa. Super. 2011) (unpublished memorandum). Gardner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on October 24, 2012. *See Commonwealth v. Gardner*, 55 A.3d 522 (Pa. 2012). On July 8, 2013, Gardner filed a *pro se* PCRA petition, and counsel was appointed to represent him. Counsel filed a petition to withdraw from the case pursuant to *Turner*/*Finley*.[2] The PCRA court issued a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 and permitted counsel to withdraw on December 29, 2014. Gardner filed a "Motion to Amend the PCRA" on January 23, 2015, in which he took issue with PCRA counsel's decision to withdraw. The court dismissed the PCRA petition by an order dated February 9, 2015, which was mailed to Gardner on February 10, 2015.

Gardner filed a timely *pro se* notice of appeal on March 12, 2015.[3] The court ordered Gardner to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Gardner filed a motion requesting

---

[2] *Commonwealth v. Turner*, 544 A.2d 917 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[3] The 30-day period to file a notice of appeal runs from the entry of the order from which the appeal is taken pursuant to Pa.R.A.P. 903(a), and the date the order is entered is the day the clerk of court mails the order to the parties. *See* Pa.R.A.P. 108(a)(1).

additional time to file the statement. The court granted the motion and extended the deadline by 45 days, until May 30, 2015. Gardner did not comply but filed an untimely statement entitled "Appellant's Supplemental Concise Statement of Matters Complained of on Appeal," despite not filing an original statement.[4]

Gardner raises the following issues, *verbatim*:

1. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective for failing to admit prior inconsistent statements of Rahlik Gore, Robert Hamrick, Steven Pittman, and Richard Legree[,] Jr. as substantive evidence to prove the truth of the matters asserted therein? Claiming that these materials are not part of the record and [Gardner] should have provided and filed it of record.

2. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective when failing to object or otherwise protect [Gardner's] rights by permitting the Commonwealth to introduce 2 firearms at [Gardner's] trial which [Gardner] was not charged with illegally possessing or was alleged to have utilized the aforementioned guns to allegedly commit the homicide that was the subject of the instant prosecution? Claiming that the issue lacks the specificity required for relief under the Post-Conviction Relief Act.

---

[4] The untimely statement was filed on June 15, 2015. However, Gardner had dated the statement June 10, 2015. Accordingly, June 10, 2015, is considered to be the date of filing pursuant to the prisoner mailbox rule. *See Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. 1998). Nevertheless, the statement was filed 11 days beyond the extended deadline provided by the court.

3. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective when failing to properly advise [Gardner] of his right to testify because of his criminal record which did not include *crimen falsi*. Counsel advised [Gardner] not to testify because of his criminal record when [Gardner] wanted to testify on his own behalf. [Gardner] declined to testify only because his attorney told him not to? Claiming that trial counsel was not ineffective because [Gardner] made a voluntary decision not to testify on his own behalf.

4. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective when failing to object or otherwise protect [Gardner's] rights where [Gardner] requested accomplice and corrupt source instruction be given to jury and said instruction was not given? Claiming trial testimony does not evidence the Commonwealth [witnesses] accomplices.

5. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective when failing to object or otherwise protect [Gardner's] rights by not challenging a sufficiency of the evidence of [Gardner's] first degree murder and conspiracy charges? Claiming that this claim is waived under PCRA and should have been raised on direct appeal.

6. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective when failing to conduct an adequate legal and independent factual investigation that led to the Commonwealth introducing evidence from a series of events separate from [Gardner's] in which defendant in that case was [acquitted] and prejudiced [Gardner]? Claiming that failure to cite to the record left [Gardner's] claim undeveloped.

7. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective for failing to investigate facts relating to the time and alleged location of the alleged homicide of Brian Brown and

interview [Gardner's] available witnesses and a possible alibi defense? Claiming that this issue is devoid of merit.

8. Whether the PCRA court abused its discretion and committed reversible error when dismissing [Gardner's] *pro se* PCRA petition without a hearing rather than directing [Gardner] to file an amended PCRA to correct the defective PCRA and give [Gardner] a legitimate [opportunity] to present his [meritorious] claims?

9. Whether [Gardner's] newly after[-]discover[ed] evidence of trial counsel's ineffectiveness due to conflict of interest and violation of professional conduct [warrants] remand?

10. Whether the PCRA court abused its discretion and committed reversible error when determining that [Gardner's] claim that: Trial counsel was ineffective for failing to object or otherwise protect [Gardner's] rights by not challenging prosecutor[']s misconduct soliciting false testimony and allowing it to go uncorrected? Claiming that issue should have been raised on direct appeal so issue is waived.

Brief for Appellant, at 5-6.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Instantly, the PCRA court found all of Gardner's issues on appeal to be waived for failure to file a timely statement pursuant to Rule 1925(b). Where a concise statement is untimely filed, it is "within the trial court's

discretion to find waiver[.]" **Commonwealth v. Smith**, 854 A.2d 597, 600 (Pa. Super. 2004). Additionally, the fact that Gardner is proceeding *pro se* on appeal does not excuse him from following procedural rules. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) ("[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." (citations omitted)). Accordingly, because the PCRA court acted within its discretion in finding waiver of all claims, we discern no error on the part of the court.[5]

Order affirmed.

_____

[5] All of Gardner's claims on appeal involve ineffective assistance of counsel, with the exception of the claim that the trial court erred by not allowing him to amend his PCRA petition, which is clearly within the discretion of the court. **See Commonwealth v. Williams**, 828 A.2d 981, 988 (Pa. 2003) (PCRA court has "discretion whether or not to grant a motion to withdraw or amend a post-conviction petition."). As to ineffectiveness claims, an appellant must satisfy a three-part test by showing that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Spotz**, **supra** at 311. Here, even if Gardner could establish that one or more of his claims is of arguable merit and was not a strategic decision on the part of counsel, he would be unable to meet the prejudice prong. Actual prejudice is established "if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super 2013). Here, evidence of Gardner's guilt was overwhelming and included multiple individuals testifying to the events of the day and an eyewitness account of Gardner committing the shooting. Accordingly, the result would not have differed even if counsel erred in his representation of Gardner.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2016