J-S41019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE T. HUGHES | |
| Appellant | No. 1984 MDA 2016 |

Appeal from the PCRA Order November 9, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002049-2006
CP-36-CR-0003979-2005
CP-36-CR-0003996-2005

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 21, 2017**

Tyree T. Hughes ("Hughes") appeals *pro se* from the order, entered in the Court of Common Pleas of Lancaster County, dismissing as untimely his *pro se* petition, filed August 25, 2016, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, the certified record reveals that Hughes' previous *pro se* PCRA petition remains unresolved and Hughes' court-appointed attorney still appears to be counsel of record.  Under these circumstances, the PCRA court improperly permitted hybrid representation by accepting Hughes' March 23, 2009 *pro se* PCRA

---

[*] Retired Senior Judge assigned to the Superior Court.

petition while he continued to be represented by appointed counsel. Thus, we quash this appeal.

On October 6, 2006, a jury convicted Hughes of three counts of robbery, four counts of criminal conspiracy to commit robbery, robbery of a motor vehicle, criminal conspiracy to commit robbery of a motor vehicle, and possession of a firearm without a permit. The Honorable Michael A. Georgelis sentenced Hughes to fifteen to thirty years' imprisonment on December 21, 2006. Judge Georgelis denied Hughes' motion to vacate on February 27, 2007, and Hughes filed a timely notice of appeal. On April 2, 2008, this Court affirmed the judgment of sentence. Before the April 2, 2008 ruling, Hughes filed his first *pro se* PCRA petition on March 28, 2008. The PCRA court appointed counsel, who filed an amended PCRA petition on August 6, 2008. The PCRA court held a hearing on Hughes' petition on December 22, 2008. While said PCRA petition was pending, Hughes filed a second PCRA petition, *pro se*, on March 23, 2009.

On July 22, 2009, the Honorable Jeffrey D. Wright granted relief on Hughs' claim of ineffective assistance of counsel raised in Hughes' counseled amended petition of August 2008. The Commonwealth appealed and, on September 1, 2010, this Court reversed the PCRA court's decision granting a new trial. Hughes filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, which was denied on February 16, 2011.

On August 25, 2016, Hughes filed the instant PCRA petition, characterized as a "Motion to Amend and/or Supplement" his March 2009 *pro se* petition. **See** Motion to Amend and/or Supplement Petition for Post Conviction Relief Act, 08/25/16, at 1. The PCRA court found this petition untimely and issued a notice, pursuant to Pa.R.Crim.P. 907, informing Hughes of its intention to dismiss the PCRA petition. The PCRA court granted Hughes' motion requesting an extension to respond to the Rule 907 notice. Hughes filed his response on October 31, 2016, and on November 9, 2016, the PCRA court dismissed Hughes' petition for failing to meet the PCRA's statutory timeliness requirements.

On December 2, 2016, Hughes filed the instant notice of appeal. The PCRA court issued an order for Hughes to file his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal by January 2, 2017. Hughes filed his Rule 1925(b) statement on January 12, 2017,[1] and the Commonwealth responded to Hughes' statement on January 30, 2017. The PCRA court filed its opinion pursuant to Rule 1925(a) on January 31, 2017, concluding that Hughes' appeal should be dismissed due to his facially untimely PCRA petition, which failed to allege any exception to the PCRA's timeliness requirement.

_____

[1] **See Commonwealth v. Smith**, 854 A.2d 597, 599-600 (Pa. Super. 2004) (holding that a trial court has discretion whether to accept an untimely concise statement).

On appeal, Hughes raises the following issue for our review:

Whether the Court committed an error of law by deeming PCRA untimely, and in not permitting appellant an evidentiary hearing to substantiate [sic] claims of (actual innocence and miscarriage of justice) filed where appellant asserts that he was prejudice[d] due to a judicial breakdown of procedure by the Court which was the result of government interference.

Appellant's Brief, at v.

The record in this case does not indicate a disposition of Hughes' March 23, 2009 *pro se* PCRA petition. Additionally, the record does not reveal that counsel of record in the 2008 petition was permitted to withdraw, or that Hughes ever requested to proceed *pro se* or waived his right to counsel.[2] Accordingly, we consider Hughes' instant petition as filed while he was represented by counsel. This Court has held that an appellant's *pro se* filings while represented by counsel are without legal effect. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (appellant's *pro se* motion while represented by counsel is legal nullity); **see also** Pa.R.Crim.P. 576(4); Pa.R.A.P. 3304.

"[T]here is no constitutional right to hybrid representation either at trial or on appeal." **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (holding no constitutional right to hybrid representation exists and Superior Court did not err by refusing to review *pro se* filings of represented

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

appellant). Thus, this Court may not review the *pro se* filings of a represented appellant. *Id*. at 1141. Although this case differs from **Ellis** in that we do not have competing petitions from both Hughes and his counsel, it is clear that "an appellant must either allow his attorney to represent him or request permission to proceed *pro se*." **Commonwealth v. Glacken**, 32 A.3d 750, 753 (Pa. Super. 2011) (noting that language of Pa.R.A.P. 3304 and Pennsylvania Supreme Court ruling in **Ellis** required appellant's appeal be quashed for lack of counseled brief where counsel was never permitted to withdraw and appellant never waived right to counsel).

Therefore, the PCRA court's acceptance of Hughes' March 2009 and August 2016 *pro se* filings, and its dismissal of his August 2016 *pro se* petition, was erroneous and has no legal effect. **See Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011) (holding PCRA court erred by addressing *pro se* PCRA petition filed by represented petitioner); **see also Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999) (applying **Ellis** rationale prohibiting hybrid representation in PCRA proceedings, stating "[w]e will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represents those defendants"). We conclude, therefore, that there is currently no final order disposing of Hughes' PCRA claims from which he may appeal, and we are constrained to quash the instant appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/21/2017</u>