J-S50035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
               :                PENNSYLVANIA
               :
         v.               :
               :
               :
JASON SCOT ANDERSON        :
               :
      Appellant       :      No. 396 WDA 2019

Appeal from the Judgment of Sentence Entered June 27, 2018
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000667-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:       FILED SEPTEMBER 16, 2019

Appellant, Jason Scot Anderson, appeals from the aggregate judgment

of sentence of 27 to 54 months of confinement, which was imposed on

June 27, 2019, after his jury trial conviction for stalking and his bench trial

conviction for harassment.[1]  Appellant has failed to preserve any issues for

our review.  Accordingly, we affirm.

On February 6, 2019, Appellant's post-sentence motion was denied.  On

March 8, 2019, Appellant filed this timely appeal.

On March 22, 2019, the trial court ordered Appellant to file a concise

statement of errors complained of on appeal within 21 days of the date of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2709.1(a)(1) and 2709(a)(2), respectively.

order's entry on the docket. The order stated, "Any issue not properly included in the Statement of Errors timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Order, 3/22/2019. Appellant never filed a statement of errors complained of on appeal. The trial court entered its opinion on May 3, 2019, stating that it was "unable to address the merits of any issue [Appellant] may wish to raise on appeal." Trial Court Opinion, filed May 3, 2019, at 3.[2]

Appellant now presents the following issues for our review in his brief to this Court:

> I.     Did the trial court err in admitting extrinsic evidence concerning a theft charge against [Appellant] from another matter, involving the alleged victim in this case?
>
> II.    If th[is] court answers the above in the affirmative, is a new trial required?

_____

[2] In its opinion, the trial court suggested that this Court should remand this action "so that counsel can file the statement and [Appellant]'s appeal can proceed in due course." Trial Court Opinion, filed May 3, 2019, at 3. However, we may remand for the filing of a statement only when the appellant has alleged, identified, and demonstrated counsel's per se ineffectiveness for failing to file a statement. Note to Pa.R.A.P. 1925(c)(3) ("An appellant must be able to identify per se ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand." (emphasis added)); Commonwealth v. West, 882 A.2d 654, 655 (Pa. Super. 2005) (determining "the proper remedy when a defendant alleges counsel's ineffectiveness for failure to file a Concise Statement" (emphasis added)). In the current appeal, Appellant had not requested remand for the filing of a statement nunc pro tunc, and, consequently, we cannot remand for further proceedings. Nevertheless, nothing in this decision precludes Appellant from bringing a claim under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, of ineffective assistance based on counsel's failure to file a statement.

Appellant's Brief at 4 (suggested answers omitted).

> The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. . . . Evidence is admissible if it is relevant—that is, if it tends to establish a material fact, makes a fact at issue more or less probable, or supports a reasonable inference supporting a material fact—and its probative value outweighs the likelihood of unfair prejudice.

Commonwealth v. Clemons, 200 A.3d 441, 474 (Pa. 2019) (citations omitted).

Preliminarily, we must determine whether Appellant has preserved his issues for our review. "When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed[.]" Commonwealth v. Smith, 854 A.2d 597, 599 (Pa. Super. 2004); see also Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998) ("in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived"). "The rule announced in Lord has been strictly applied by our appellate courts." Commonwealth v. Phinn, 761 A.2d 176, 178 (Pa. Super. 2000).

Accordingly, we are required to conclude that Appellant has waived all of his issues on appeal for failure to comply with the trial court's order to file

a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court was unable to file an opinion addressing any issues on their merits, and Appellant's failure to file a statement to file has precluded meaningful review. Trial Court Opinion, filed May 3, 2019, at 3. As Appellant has failed to preserve any issues for our review, we affirm the judgment of sentence. In re K.L.S., 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2019