J-A27034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLY BROCKENBROUGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILBERT BROCKENBROUGH | : | |
| | : | |
| Appellant | : | No. 3555 EDA 2019 |

Appeal from the Order Entered November 21, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. D15038542

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                         **FILED JANUARY 5, 2021**

In this divorce action, Wilbert Brockenbrough ("Husband") appeals from the order entered November 21, 2019, granting the petition for special relief filed by Willy Brockenbrough ("Wife").  Husband has failed to preserve any issues for our review.  Accordingly, we affirm.

Wife commenced this action on March 27, 2015.  On May 5, 2017, the parties, each represented by counsel, entered into a stipulated order providing, in relevant part:  "Wife will continue to receive payment from Husband's Railroad Retirement Benefit."  Stipulated Order, 5/5/2017, at 3 ¶ 4.d.  On June 20, 2017, the trial court entered a decree and order divorcing the parties from the bonds of matrimony and ordering "that the terms,

_____

[*] Retired Senior Judge assigned to the Superior Court.

provisions and conditions of a certain Stipulated Order between the parties dated May 5, 2017, and attached hereto, are hereby incorporated in this Decree and Order as reference as fully as though the same were set forth herein at length."  Decree and Order, 6/20/2017.

On December 18, 2018, Wife filed a petition for special relief seeking to enforce the stipulated order and for sanctions.[1]  The petition stated:

> In July 2018, Wife was made aware that the Stipulated Order did not contain the necessary language for the Railroad Pension Board and that she would no longer continue to receive her share of Husband's pension without a revised Order of Court containing the language required by the Railroad Pension Board.

Plaintiff's Petition for Special Relief to Enforce Stipulated Order and for Sanctions, 12/18/2018, at ¶ 6.  Wife attached a proposed amended order to the petition, that included the following language:  "The Railroad Retirement Board, rather than Husband, shall be obligated to make direct payments."  *Id.*, Exhibit C.  On February 12, 2019, the trial court held a hearing on the petition.

> After the conduct of the hearing on February 12, 2019, the [trial c]ourt . . . ordered [Husband] to facilitate communication with a representative of the Railroad Retirement Board so that a Qualified Domestic Relations Order, "QDRO" could be drafted by [Wife]'s counsel and executed by [Husband].  *See* Order, dated 2/12/19[.] . . . Thereafter, the matter was continued twice.  *See* Orders, dated 5/16/19 and 8/15/19[.] . . . The next hearing was scheduled for November 21, 2019.
>
> On November 1, 2019, [Husband], through [counsel], filed his answer to the petition for special relief. . . . [Husband] averred

---

[1] Such a motion for special relief is authorized pursuant to Pa.R.C.P. 1920.43.

that no section of the Stipulated Order of May 5, 2017 provided for the distribution of his Railroad Retirement benefits to [Wife] through a QDRO, and he denied that the clear intent of the May 5, 2017 order was for [Wife] to receive a share of [Husband]'s pension.

Trial Court Opinion, dated May 15, 2020, at 2-3. On November 21, 2019, the trial court granted Wife's petition for special relief. On December 19, 2019, Husband filed this timely direct appeal.

The trial court entered the following written order:

And now, this 23rd day [of] December, 2019, Wilbert Brockenbrough is hereby directed to file of record with the court and to serve on this Judge, pursuant to Pa.R.A.P. 1925(b)(1), a Concise Statement of Errors Complained of on Appeal no later than twenty one (21) days after the entry of this Order. Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.

Order, 12/23/2019 ("Rule 1925(b) Order"). This order was entered on the docket at "23-DEC-19 12:31:09." The order is stamped: "COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) DEC 23 2019 FIRST JUDICIAL DISTRICT OF PA." *Id.* Under the stamp are initials. *Id.*[2]

Husband filed a concise statement of errors complained of on appeal. The concise statement was entered on the docket at "16-JAN-2020 10:24:22" and is stamped as "FILED 2020 JAN 16 AM 10:13 CLERK OF FAMILY COURT FIRST JUDICIAL DISTRICT OF PA." On the concise statement itself, the date accompanying Husband's counsel's signature is also "January 16, 2020." The

---

[2] Appellant attached the Rule 1925(b) Order's mailing envelope to his appellate brief. The envelope is postmarked "DEC 24 2019."

- 3 -

concise statement did not include a certificate of service, and there is no indication on the document that it was ever served directly on the trial judge.

On February 7, 2020, Husband filed an "Application for Remand to File Supplemental Concise Statement of Errors Complained of on Appeal." By order dated March 20, 2020, this Court forwarded the application to the trial court and ordered the court to enter a decision. After delays due to court closures related to the coronavirus disease 2019 ("COVID-19") pandemic, the trial court entered an order and supplemental memorandum opinion denying Husband's motion on May 15, 2020.

Husband now presents the following issues for our review in his brief to this Court:

> Did [Husband] timely file the 1925(b) statement when the Prothonotary delivered the order 14 days after posting the order on the docket?
>
> Did the trial court have jurisdiction to modify an approximately 2-year-old divorce decree without evidence of extrinsic fraud or other extraordinary cause?
>
> Did the trial court err when it interpreted a property settlement agreement in a way that grants Wife a share of Husband's Railroad Retirement?

Husband's Brief at 3 (issues re-ordered to facilitate disposition) (unnecessary capitalization omitted).

Preliminarily, we must determine whether Husband has preserved his issues for our review. "When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver." ***Commonwealth v. Smith***, 854 A.2d 597, 599 (Pa. Super. 2004); ***see also*** Pa.R.A.P. 1925(b)(4)(vii)

("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived"). "The rule announced in ***Lord*** has been strictly applied by our appellate courts." ***Commonwealth v. Phinn***, 761 A.2d 176, 178 (Pa. Super. 2000).

On December 23, 2019, the trial court ordered Husband to file a concise statement of errors complained of on appeal within 21 days of the date of the Rule 1925(b) Order's entry on the docket. Order, 12/23/2019. Twenty-one days thereafter was January 13, 2020. Accordingly, Husband's concise statement filed on January 16, 2020, was late. ***See*** Pa.R.A.P. 1925(b)(2)(i) ("The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement."), (3)(i) ("The judge's order directing the filing and service of a Statement shall specify[] the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement").[3]

---

[3] Assuming we were to accept the postmark on the Rule 1925(b) Order's mailing envelope as the "start date," his concise statement would have been due on January 14, 2020, and was still untimely filed.

Additionally, despite the explicit instruction in the Rule 1925(b) Order "to serve on th[e trial] Judge," there is no indication in the concise statement that Husband complied, and the trial court confirmed in its memorandum opinion dated January 23, 2020, that the trial "[j]udge has not received service of a Concise Statement of Errors Complained of on Appeal." Trial Court Opinion, dated January 23, 2020, at 1; *see also* Pa.R.A.P. 1925(b) ("the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal").

For both these reasons, Husband has failed to adhere to the order and, consequently, failed to preserve any challenges raised therein for our review. Pa.R.A.P. 1925(b)(4)(vii); *Smith*, 854 A.2d at 599; *Lord*, 719 A.2d at 309

The Supreme Court of Pennsylvania has recently reiterated that there is no leeway and are no exceptions for a failure to adhere to these requirements, finding that where counsel has "failed to file a Rule 1925(b) statement **as ordered by the [trial] court**, all appellate issues are waived, and [the appellate courts] do not consider those that were presented in the appellant's brief[.]" *Commonwealth v. Parrish*, 224 A.3d 682, 694 (Pa. 2020) (emphasis added). In *Parrish*, the Pennsylvania Supreme Court noted that it has also "rejected" the "suggested alternative disposition -- removal of the appellant's current counsel and remand to the [trial] court for the filing of a new Rule 1925(b) statement." *Id.* Our Supreme Court further "opined that such a remedy could not be granted under our prior jurisprudence in this

area[.]" ***Id.*** (citing ***Commonwealth v. Schofield***, 888 A.2d 771 (Pa. 2005) (failure to demonstrate that Rule 1925(b) statement was provided to the trial judge within the 14-day time period permitted by the rule resulted in waiver of all issues for purposes of appeal despite trial court opinion addressing those issues); ***Commonwealth v. Wholaver***, 903 A.2d 1178 (Pa. 2006) (applying ***Lord*** waiver rule in a direct capital appeal finding all appellate issues waived other than the statutorily-mandated sufficiency-of-the-evidence review, because counsel failed to timely file a Rule 1925(b) statement)). The Supreme Court "additionally noted that, in ***Wholaver***, [it] **rejected a similar request to overlook a Rule 1925(b) failure**.'" ***Id.*** (emphasis added) (some internal punctuation omitted).

The Supreme Court's interpretation of Pa.R.A.P. 1925 consistently is unambiguous: "the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements[.]" ***City of Philadelphia v. Lerner***, 151 A.3d 1020, 1024 (Pa. 2016) (citation omitted). Accordingly, we likewise reject any request to make an exception and to remand the current action to the trial court for the filing of a new concise statement.[4]

---

[4] To the extent that Husband argues that the Prothonotary did not mail him the Rule 1925(b) Order on December 23, 2019 -- contrary to the stamp on the order itself, Order 12/23/2019 – or on December 24, 2019 – contrary to the postmark on the Rule 1925(b) Order's mailing envelope -- Husband could

As Husband has failed to preserve any issues for our review, we affirm. *In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2021

_____

have immediately requested an extension of time to file his concise statement upon receipt of the Rule 1925(b) Order, but he failed to do so. *See* Note to Pa.R.A.P. 1925(b)(2) ("An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel." (citation omitted)).

[5] Assuming *arguendo* that Husband had preserved his appellate challenges, we would still conclude that his claims merit no relief. Briefly, the trial court had jurisdiction to enforce the divorce decree and to order the parties to sign a QDRO. Wife never sought to **modify** the divorce decree, and, notably, the trial court order at issue does not state that the divorce decree was modified. Instead, Wife merely sought to **enforce** the stipulated order as written, which was accomplished by means of the QDRO. Additionally, the trial court correctly interpreted the stipulated order to grant Wife a share of Husband's railroad retirement benefit. For these reasons, even if Husband's issues were not waived, we would still affirm.