J-S23038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS MATHIS | : | |
| | : | |
| Appellant | : | No. 105 EDA 2021 |

Appeal from the PCRA Order Entered November 23, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000226-1971

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 08, 2021**

Appellant, Thomas Mathis, appeals *pro se* from the order of the Court of Common Pleas of Northampton County that dismissed his petition filed under the Post Conviction Relief Act (PCRA).[1] We affirm.

The facts underlying this case were fully set forth by our Supreme Court in **Commonwealth v. Mathis**, 398 A.2d 968 (1979) and this Court in **Commonwealth v. Mathis**, 902 A.2d 979 (Pa. Super. 2006) (unpublished memorandum). Therefore, we have no reason to restate them in detail here. We briefly note that

> [o]n April 28, 1972, a jury convicted Appellant of murder,[2] burglary,[3] larceny,[4] and robbery[5] in connection with the September 1971 fatal stabbing of Sebastiano Patiri in his home in Northampton County. On May 3, 1972, Appellant received a sentence of life imprisonment for the murder and concurrent

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541–9546.

terms of imprisonment for the other offenses. The trial court denied Appellant's post-sentence motions, and on March 18, 1975, our Supreme Court affirmed the judgment of sentence. ***Commonwealth v. Mathis***, 333 A.2d 846 (Pa. 1975) (*per curiam*).

_____

[2] 18 Pa.C.S. § 2502(a).

[3] 18 Pa.C.S. § 3502(a).

[4] 18 Pa.C.S. § 3921. Larceny is now theft by unlawful taking or disposition.

[5] 18 Pa.C.S. § 3701.

***Mathis***, 902 A.2d 979 (unpublished memorandum at 1-2).

On January 21, 2020, Appellant filed his thirteenth PCRA petition. The PCRA court appointed counsel on February 7, 2020, and held an evidentiary hearing on October 16, 2020. Appellant and his brother, Edward Mathis, who had been a co-defendant in the underlying crimes, testified in support of Appellant's claims of newly-discovered evidence and governmental interference. N.T., 10/16/2020, at 19-20, 45-46. On October 29, 2020, Appellant's counsel, Tyree Blair, filed a no-merit letter and petition to withdraw as counsel. On November 4, 2020, the PCRA Court permitted Attorney Blair to withdraw and appointed Attorney Brian Monahan. On November 23, 2020, the PCRA court denied Appellant's petition by order and opinion on the grounds that it was untimely filed. PCRA Court Opinion, 11/23/2020, at 2-3. Attorney Monahan filed a petition to withdraw as counsel, which the PCRA court granted on November 24, 2020, in an order advising Appellant that he

may proceed with any appeal *pro se* or may hire a private attorney. PCRA Court Order, 11/24/2020, at 1.

On December 21, 2020, Appellant *pro se* filed a timely notice of appeal. That same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 25, 2021, Appellant filed a motion requesting an extension of time to file a Rule 1925(b) statement. The PCRA court granted Appellant's motion on February 3, 2021, and allowed Appellant thirty additional days to file his statement. Appellant never filed a Rule 1925(b) statement. On April 19, 2021, the PCRA court issued its Rule 1925(a) opinion concluding that Appellant had waived all issues on appeal for failure to preserve any issues in a court-ordered Rule 1925(b) statement. PCRA Court Opinion, 4/19/2021, at 1.

Appellant presents the following issues for our review:

1. Whether the PCRA [c]ourt erred in denying [A]ppellant's claims of newly discovered evidence.

2. Whether the PCRA [c]ourt erred by not verifying [former PCRA counsel] Mr. Blair's statement in "no merit letter."

3. Whether the PCRA [c]ourt erred in it finding no newly discovered evidence.

4. Whether the PCRA [c]ourt erred by not addressing [Appellant's] governmental interference claim.

Appellant's Brief at 2 (unnumbered) (suggested answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)). First, we must determine whether Appellant has preserved his issues for our review. "When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed[.]" ***Commonwealth v. Smith***, 854 A.2d 597, 599 (Pa. Super. 2004) (citation omitted); see also Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived"). Moreover, we observe that where an appellant proceeds *pro se*, we recognize no remedy or exception to the failure to file timely a Rule 1925(b) statement. ***Commonwealth v. Boniella***, 158 A.3d 162, 164 (2017) (holding that Rule 1925(c), which allows this Court to remand for the filing a Rule 1925(b) statement *nunc pro tunc* where a counseled defendant fails to file an ordered Rule 1925(b) statement, does not apply to *pro se* appellants).

On December 21, 2021, the PCRA court complied with the requirements of Rule 1925(b)(3) and ordered Appellant to file a Rule 1925(b) statement within 21 days of the date of the order. In the order, the PCRA court notified Appellant that "any issue not properly included in the Statement... shall be deemed waived." PCRA Court Order, 12/21/2020, at 1. Subsequently, in response to Appellant's motion for an extension of time, the PCRA court gave Appellant until March 5, 2021, to file his Rule 1925(b) statement. Appellant never filed a Rule 1925(b) statement, nor did he address this failure in any of his subsequent filings or his brief.

Accordingly, we conclude that Appellant has waived all of his issues on appeal for failure to comply with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). Because Appellant has failed to preserve any issues for our review, we affirm the PCRA court's order. **In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).

Order affirmed.

Judge Lazarus joins this Memorandum.

Judge Kunselman concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/8/2021*