J-S36012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KARIEM GLENN | : | |
| | : | |
| Appellant | : | No. 51 EDA 2021 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007137-2010

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 24, 2022**

Kariem Glenn appeals from the order, entered on November 6, 2020,[1]

denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Glenn's *pro se* notice of appeal—filed while he was still represented by counsel—states that his appeal is from the order dismissing his PCRA petition purportedly entered "on or around November 19, 2020." *See Pro Se* Notice of Appeal, 12/2/20. The notice of appeal filed by Glenn references a single docket number, CP-51-CR-0007137-2010 ("Docket No. 7137"). The order denying PCRA relief, which bears Docket No. 7137 as well as docket number CP-51-CR-0007138-2010 ("Docket No. 7138"), was actually entered on November 6, 2020. On July 2, 2020, this Court entered a rule to show cause why Glenn's appeal should not be quashed as having been taken from a purported order that is not entered upon the appropriate docket in the trial court. *See* Rule to Show Cause, 7/2/20. On July 12, 2020, counsel for Glenn filed a response, reflecting both docket numbers, styled as "Appellant's Amended Notice of Appeal in Response to Superior Court's Rule to Show Cause," stating, in relevant part:
*(Footnote Continued Next Page)*

> Appellant Kariem Glenn, by his attorney Joshua E. Scarpello, Esquire, in response to the Superior Court's order dated July 2, 2021, respectfully submits an amended notice of appeal attaching the correct final order from the [PCRA] court dated November 6, 2020. Notice is hereby given that Kariem Glenn appeals to the Superior Court of Pennsylvania from the [PCRA] court's order entered on the 6th day of November, 2020.

Response to Rule to Show Cause, 7/12/20, at 1.

On July 27, 2020, this Court entered an order informing the parties that the issue raised in the rule to show cause would be referred to the merits panel and directed that Glenn's request for relief—i.e., the filing of an amended notice of appeal—be addressed in a separate application. *See* Order Discharging Rule to Show Cause, 7/27/20. Counsel failed to file said application for relief.

This procedural history raises multiple issues. First, Glenn's *pro se* notice of appeal was filed while he was still represented by counsel. Our Supreme Court has long held that the prohibition against hybrid representation precludes consideration of *pro se* filings while a petitioner is represented by counsel. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion."); *see also Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no right to hybrid representation either at trial or on appeal.") (citation omitted). However, *pro se* notices of appeal are an exception to this rule, because they protect the appellant's right to appeal as set forth in the Pennsylvania Constitution. *See S.C.B. v. J.S.B.*, 218 A.3d 905, 911 n.4 (Pa. Super. 2019), citing *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) ("Because a notice of appeal protects a constitutional right, it is distinguishable from other filings[.] We thus hold that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]"). Accordingly, the fact that Glenn filed his notice of appeal *pro se*, while still represented by counsel, does not prohibit us from considering the merits of his appeal.

Second, Glenn's notice of appeal purported to appeal from an order "entered on or about November 19, 2020," when the order dismissing his PCRA petition was actually filed on November 6, 2020. Again, this fact does not preclude our consideration of his appeal. *See Commonwealth v. One 1988 Ford*

*(Footnote Continued Next Page)*

In 2012, Glenn was convicted by a jury at Docket No. 7137 of third-degree murder and related firearms offenses, stemming from an incident in which he approached two individuals standing on a sidewalk and shot them, killing one. On July 18, 2012, the trial court sentenced him to an aggregate term of 25 to 50 years' incarceration. This Court affirmed Glenn's judgment of sentence on March 28, 2014, and our Supreme Court denied allowance of appeal on September 3, 2014.

Glenn filed a timely *pro se* PCRA petition on October 28, 2014. Counsel was appointed and filed an amended petition on June 21, 2018. The Commonwealth filed a letter brief in opposition to Glenn's petition and, on

_____

*Coupe VIN No. 1FABP41A9JF143651*, 574 A.2d 631, 633 n.1 (Pa. Super. 1990) (error in notice of appeal stating incorrect date on which order was entered was harmless). Glenn's notice of appeal was timely, as he filed it within 30 days of the date the order was entered. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal taken).

Finally, Glenn's *pro se* notice of appeal lists only one docket number, while the order dismissing his PCRA petition addresses two docket numbers. In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases." *Id.* at 971. Here, the PCRA court's order dismissing Glenn's petition explicitly notified him that "a separate appeal is required for each individual CP number." PCRA Court Order, 11/6/20. Although counsel's response to this Court's rule to show cause contained both docket numbers, counsel failed to file a proper application for relief as directed in this Court's July 27, 2020 order. Nor did counsel request permission from the PCRA court to file an amended notice of appeal containing both docket numbers. Accordingly, Glenn's *pro se* notice of appeal is the operative one here, and we may only consider issues raised on appeal that relate to the docket number included in that notice of appeal.

August 20, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. Glenn did not file a response and, on November 6, 2020, the PCRA court dismissed his petition. Glenn filed a timely notice of appeal on December 2, 2020. On January 11, 2021, the PCRA court issued an order—served upon both Glenn and his then-counsel—directing the filing of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Neither Glenn nor his counsel filed a Rule 1925(b) statement as ordered by the court. Generally, "[w]hen a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed[.]" **Commonwealth v. Smith**, 854 A.2d 597, 599 (Pa. Super. 2004) (citation omitted); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). However, Rule 1925(c)(3) provides that:

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Here, although Glenn did not file a Rule 1925(b) statement as ordered by the PCRA court, the court nevertheless filed an opinion addressing the sole issue raised by Glenn on appeal. Accordingly, as there would be no benefit to "remand[ing] for . . . the preparation and filing of an opinion by the judge,"

Pa.R.A.P. 1925(c)(3), we decline to do so and proceed to address the merits of Glenn's claim. **See Commonwealth v. Presley**, 193 A.3d 436, 441 (Pa. Super. 2018) (this Court may proceed to address merits of appeal without remand due to *per se* ineffectiveness where trial court addresses relevant issues in opinion).

Glenn raises the following issue for our review:

Did the [PCRA] court err by denying [Glenn's] PCRA petition without holding an evidentiary hearing where [Glenn] raised a genuine issue of fact as to the existence of exculpatory evidence regarding police misconduct with eyewitnesses?

Brief of Appellant, at 9.

We begin by noting that our review of a PCRA court's decision is limited to examining whether the court's findings of fact are supported by the record and whether its conclusions of law are free from legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. D'Amato**, 856 A.2d 806, 820 (Pa. 2004).

Here, Glenn asserts that he was entitled to a hearing on his claim of after-discovered evidence[2] involving crimes committed by Ronald Dove,[3] a former Philadelphia police detective who was "alleged to have been present" during the interviews of two key witnesses in Glenn's case.  Brief of Appellant, at 14.  Glenn asserts that he was entitled to an evidentiary hearing on his claim, as a "hearing is the only way [Glenn] would be able to discover the evidence of misconduct against Dove and determine if that misconduct was part of a pattern of misconduct dating back to his work on this murder investigation." *Id.* at 20.  Glenn asserts that, had a hearing been conducted, he "could have probed more thoroughly into [Dove's] personnel file for evidence of other official misconduct[,] like lying to police and tampering with witnesses and evidence," that, "if discovered, would have been admissible to show that the police committed misconduct in [Glenn's] case." *Id.* at 20-21.  Specifically, Glenn asserts that two key witnesses at trial, Mikal Shanks and

_____

[2] To prevail on a claim of after-discovered evidence, a petitioner must plead and prove that his convictions resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of trial."  42 Pa.C.S.A. § 9543(a)(2)(vi).  In order to satisfy this burden, a petitioner must establish that:  "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) [the evidence] is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Payne*, 210 A.3d 299, 203 (Pa. Super. 2019) (en banc) (quotation omitted).

[3] In 2017, Dove was arrested and convicted of numerous charges—including tampering with evidence, obstruction of justice, and unsworn falsification— arising out of his conduct during a murder investigation involving his girlfriend, who ultimately pled guilty to third-degree murder.

- 6 -

Duwanda Branch, gave statements to police that they saw Glenn shoot a gun. However, both witnesses recanted their identifications at trial, with Branch "call[ing] her interview a 'forced confession' and [saying] homicide detectives told her who to pick" from a photo array. Brief of Appellant, at 21. Glenn is entitled to no relief.

Here, although Glenn baldly asserts in his brief that Dove "is **alleged** to [have] interviewed one of the main witnesses in the matter," *id.* at 20 (emphasis added), Glenn can cite to—and our review reveals—nothing in the record to suggest that Dove was actually involved in any aspect of the investigation surrounding Glenn's crimes. Trial transcripts reveal that Shanks and Branch were both interviewed by Detectives Ohmarr Jenkins and James Pitts. **See** N.T. Trial, 4/18/12, at 10, 32. Dove did not testify at trial, nor was his name ever mentioned.

Glenn's claim is based solely on vague, conclusory, and speculative allegations—with no basis in the record—that Dove was involved in the investigation of his case and may have committed some form of misconduct that led to his conviction. Such bald assertions are insufficient to prove a claim based on after-discovered evidence. **See Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010) ("The [after-discovered-evidence] test is conjunctive; the defendant must show by a preponderance of the evidence that **each of these factors** has been met in order for a new trial to be warranted.") (emphasis added). Moreover, "[a]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may

support some speculative claim[.]" ***Commonwealth v. Roney***, 79 A.3d 595, 605 (Pa. 2013), citing ***Commonwealth v. Jones***, 811 A.2d 994 (Pa. 2002) (no entitlement to evidentiary hearing where appellant merely asserted there was no reasonable basis for counsel's actions but made no proffer of evidence in support of claim).

Glenn has failed to raise a genuine issue of fact which, if resolved in his favor, would have entitled him to relief. Accordingly, the PCRA court did not abuse its discretion in denying his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2022